UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> vs.<br><br>CHAOFAN XU, a/k/a YAT FAI HUI, GUOJUN XU, a/k/a KIT SHUN HUI, WAN FANG JUANG, a/k/a WENDY KUANG, and YING YI YU,<br><br>  Defendants. | 2:02-cr-00674-PMP-LRL<br><br>**RE-SENTENCING ORDER ON REMAND** |

On January 3, 2013, the United States Court of Appeals for Ninth Circuit issued an Opinion affirming the convictions of Defendants Chaofan Xu, Guojun Xu, Wan Fang Kuang, and Ying Yi Yu, for their participation in a scheme to steal $482 million from the Bank of China, and to escape prosecution and retain the stolen money by illegal transfers of the funds, and immigration fraud. (Doc. #835.)

Finding that this Court erred in sentencing each of the Defendants, the Court of Appeals vacated the sentences imposed on May 11, 2009, and remanded for re-sentencing. Additionally, finding that this Court failed to articulate sufficient grounds to support the Order of Restitution entered, the Court of Appeals remanded to enable this Court to provide further explication.[1]

---

[1] The Ninth Circuit Opinion was slightly amended on March 14, 2013 (Doc. #841). The Order on Mandate (Doc. #847) issued on May 21, 2013.

Following remand, the Government and some of the Defendants engaged in extensive briefing regarding re-sentencing and restitution. The parties also engaged in lengthy negotiations in an effort to resolve all issues on remand, and on eight occasions stipulated to continuance of the re-sentencing proceedings. When negotiations failed, the Court conducted a hearing on January 7, 2015, to hear argument regarding re-sentencing and restitution, with the explicit understanding that the issues raised were preserved for any appeal taken from this Order of Re-Sentencing. Additionally, each of the four Defendants was accorded the opportunity for further allocution, and each indicated they had no further statements to make concerning re-sentencing.

**I.     Re-Sentencing.**

The Opinion of the Court of Appeals vacating the sentences originally imposed is simple enough. The consequences are not, as evidenced by the extensive briefing, and nearly twenty months of fruitless negotiations by the parties. Specifically, the Court of Appeals found that in calculating the United States Sentencing Guideline Base Offense Level applicable to each of the four Defendants, the Court erroneously relied on the Defendants' foreign conduct to meet the requirements of a sentencing guideline enhancement under U.S.S.G. § 2S1.1(a)(1)(A), when the Court should have applied U.S.S.G. § 2S1.1(a)(2).

The parties do not seriously debate that the conspiratorial scheme engaged in by the four Defendants, and several other co-conspirators, resulted in the embezzlement or theft of approximately $482 million over a ten-year period from the Bank of China, Kai Ping Branch. Under the Court of Appeals ruling, however, that loss cannot be considered in calculating the Base Offense Level under the United States Sentencing Guidelines in this case. The parties agree that pursuant to the ruling of the Court of Appeals, the calculation of the Base Offense Level applicable here begins with U.S.S.G. § 2E1.1(a)(2). This guideline instructs the Court to determine the applicable Base Offense Level from the

offense level applicable to the underlying Racketeering activity, which is Engaging In Monetary Transactions And Property Derived From Specified Unlawful Activity and Transportation of Stolen Monies, which would refer to U.S.S.G. § 2S1.1.  Pursuant to U.S.S.G. § 2S1.1(a)(2), the Base Offense Level is 8 plus the number of levels from the Table in § 2B1.1 corresponding to the value of laundered funds.  Hence, parties' arguments focus on the calculation of the value of funds laundered in the United States.  The consequences for Defendants of that calculation arguably are profound, because if the Court were to embrace Defendants' arguments, their sentences would be substantially reduced.

In its Re-Sentencing Memorandum (Doc. #855), the Government identifies nineteen specific instances in which Defendants and their co-conspirators transferred embezzled funds from a foreign location to the United States between March 1999 and October 2001, for purposes of laundering said funds through Defendants' multi-million dollar activities.  Those transactions chronicled at pages 18 through 21 of the Government's Re-Sentencing Memorandum (Doc. #855) total $20,099,174.04.  Those sums came from Ever Joint Company in Hong Kong, which the evidence at trial clearly demonstrated was a company established by Defendants Chaofan Xu and Guojun Xu, and others, into which funds embezzled from the Bank of China were deposited.  Defendants strongly disagree with the Government's calculation of the value of funds illegally laundered in the United States.

In his Re-Sentencing Memorandum (Doc. #863), Defendant Chaofan Xu argues that the Government cannot show that more than $20 million, or even a smaller amount, was laundered by Defendants in violation of 18 U.S.C. § 1957, and in particular, that the Government cannot connect to criminal activity, the transactions or transfers upon which its calculations are based.  In this regard, Defendants jointly argue that while the Government may be able to show that the "vast majority" of funds in Ever Joint accounts were fraudulently obtained, the Government is unable to trace the specific funds actually

3

laundered in the United States to proceeds of the embezzlement or theft of funds from the Bank of China, Kai Ping Branch. Additionally, Defendants argue that the wire transfer of funds into the United States from a location outside the United States, do not constitute money laundering cognizable under 18 U.S.C. § 1957. As a result, Defendants argue that the Government's inability to establish either by a preponderance, or clear and convincing evidence, a precise amount of "laundered funds" negates any enhancement to the Base Offense Level of 8, under U.S.S.G. § 2S1.1(a)(2), thereby rendering the original sentences imposed on each of the Defendants totally unwarranted.[2]

In assessing the parties' arguments regarding the calculation of the applicable Base Offense Level in this case, the Court applies a preponderance of the evidence standard. *United States v. Treadwell*, 593 F.3d. 990 (9th Cir. 2010). Nevertheless, this Court's findings are supported by clear and convincing evidence were such a higher evidentiary standard determined to be applicable.

Having considered the briefing of the parties, and the arguments of counsel presented at the hearing conducted on January 7, 2015, and having further considered the totality of the evidence adduced at the very lengthy trial in this case, the Court finds that the evidence cited by the Government supports the calculation that the value of the funds illegally laundered by Defendants in the United States amounted to $20,099,174.04.

As a result of the foregoing Base Offense Level calculation under Guideline § 2S1.1(a)(2), the Base Offense Level of 8 is enhanced by 22 levels in accord with the Table in § 2B1.1, for a total Offense Level of 30, as to each Defendant. The other Sentencing Guideline calculations provided in the original Pre-Sentence Reports prepared on October 14, 2008, which informed the Court's original sentencing on May 11, 2009,

---

[2] Although the briefing on the question of the value of the funds illegally laundered in the United States is offered principally by Plaintiff United States and Defendant Chaofan Xu, each of the other Defendants has joined in those arguments. Additionally, Defendants Ying Yi Yu and Guojun Xu have filed independent Sentencing Memoranda (Docs. #871 & #885).

4

remain undisturbed.  As a result, the Total Offense Level for Defendant Chaofan Xu is 37, providing a Guideline range of 210 - 262 months.  The Total Offense Level for Defendant Guojun Xu is 36, resulting in a Guideline range of 188 - 235 months.  The Total Offense Level for Defendants Wan Fan Kuang and Ying Yi Yu is 31, resulting in a Guideline range of 108 - 135 months.  The foregoing adjustment results in a two level reduction to the Total Offense Level applicable as to each Defendant.

Counsel for each of the Defendants make thoughtful arguments in accord with 18 U.S.C. § 3553, and encouraged the Court to reduce the sentences originally imposed.  Of course, Defendants Wan Fan Kuang and Ying Yi Yu have already completed their terms of imprisonment and supervised release.  Defendants Chaofan Xu and Guojun Xu, however, are still serving terms of imprisonment.  The Court, however, in unpersuaded that further reductions in sentence are appropriate for any of the Defendants.  At the original sentencing proceedings conducted over two days on May 5 and May 6, 2009 (Docs. #741 and #742), the Court clearly set forth at length the grounds for the specific sentences imposed, and for the reasons stated at that time, finds that no modification of sentence shall be granted.

**II.     Restitution.**

On remand, the Court of Appeals directs this Court to articulate a factual basis supporting the Order of Restitution previously entered in the amount of $482 million.  In doing so, the Court of Appeals notes that restitution can only be based on actual loss directly resulting from a defendant's offense.

In its Re-Sentencing Memorandum Regarding Restitution (Doc.. #856), the Government amends its request for restitution to the Bank of China, seeking only a restitution order for $7,813,905.75, based upon Defendants' transfers of money into the United States as part of their fraudulent scheme.

Defendants respond that no restitution is warranted because the Bank of China is not a "victim" under applicable restitution statutes, and the casino transactions in the United

States were not "criminal conduct," because the Government cannot trace the funds involved in the gambling transactions to monies embezzled from the Bank of China. The Court rejects Defendants' arguments.

The Court finds that the evidence at trial demonstrates that the Ever Joint Company in Hong Kong, was established by Defendants to serve as a conduit for funds stolen from the Bank of China. The sum of $20,099,174.04 transmitted to the United States by Defendants, which was sent through Ever Joint, constituted funds stolen from the Bank of China. The Government states that it has already recovered $12,285,268.29 of those funds in the United States leaving an unrecovered balance of $7,813,905.75. The Court finds that sum to be appropriate for an order of restitution in accord with the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A(c).

Based upon the foregoing, and good cause appearing,

**IT IS ORDERED** that the sentences originally imposed as to Defendants Chaofan Xu (Doc. #753), Guojun Xu (Doc. #757), Ying Yi Yu (Doc. #755), and Wan Fang Juang (Doc. #754) are hereby re-imposed. Because no change is being made to Defendants' sentences, the Court finds no Amended Judgments need be entered.

**IT IS FURTHER ORDERED** that Defendants Chaofan Xu, Guojun Xu, Ying Yi Yu, and Wan Fang Juang are jointly and severally liable for restitution in the sum $7,813,905.75.

DATED: January 15, 2015

_____
PHILIP M. PRO
United States District Judge